UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VALENTINO BERNARD LEE,

                    Petitioner,

v.                                        Case No. 3:15-cv-113-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
                    Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Valentino Bernard Lee, an inmate of the Florida
penal system, initiated this action on January 29, 2015, pursuant
to the mailbox rule, by filing a pro se Petition for Writ of Habeas
Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254. In the Petition,
Lee challenges a 2011 state court (Duval County, Florida) judgment
of conviction for burglary with assault or battery, possession of
a firearm by a convicted felon, and aggravated assault. Respondents
have submitted a memorandum in opposition to the Petition. See
Respondents' Answer to Petition for Writ of Habeas Corpus
(Response; Doc. 10) with exhibits (Resp. Ex.). On February 6, 2015,
the Court entered an Order to Show Cause and Notice to Petitioner
(Doc. 5), admonishing Lee regarding his obligations and giving Lee
a time frame in which to submit a reply. Lee submitted briefs in
reply. See Petitioner's Answer (Doc. 14); Amended Answer (Doc. 15).
This case is ripe for review.

## II. Procedural History

On June 9, 2010, the State of Florida charged Lee with burglary with assault or battery (count one), possession of a firearm by a convicted felon (count two), and aggravated assault (count three). See Resp. Ex. 2, Information. Lee entered a guilty plea to the charges on April 27, 2011. See Resp. Exs. 4; 5, Transcript of the Plea Proceeding (Plea Tr.). In handwritten letters addressed to the trial court, see Resp. Exs. 6; 8A; 8B, Lee expressed his desire to withdraw his plea and obtain additional discovery. With the benefit of conflict counsel, Lee filed a motion to withdraw his guilty plea pursuant to Florida Rule of Criminal Procedure 3.170(f) on June 27, 2011. See Resp. Ex. 7. The court held an evidentiary hearing on August 3, 2011, see Resp. Ex. 9, Transcript of the Evidentiary Hearing (EH Tr.), and on August 11, 2011, denied the motions to withdraw the plea, see Resp. Ex. 11. Lee submitted another handwritten letter to the court on August 29, 2011. See Resp. Ex. 12. On August 30, 2011, the court sentenced Lee to a term of imprisonment of twenty-five years for count one, a term of imprisonment of twenty-five years for count two, and a term of imprisonment of ten years for count three, to run concurrently with each other. See Resp. Exs. 13, Transcript of the Sentencing Hearing (Sentencing Tr.) at 12; 15, Judgment.

On direct appeal, Lee, with the benefit of counsel, filed an initial brief, arguing that the trial judge abused her discretion

when she denied Lee's motions to withdraw his plea. <u>See</u> Resp. Ex. 17. The State filed an answer brief. <u>See</u> Resp. Ex. 18. On August 20, 2012, the appellate court affirmed Lee's conviction and sentence per curiam, <u>see</u> <u>Lee v. State</u>, 95 So.3d 218 (Fla. 1st DCA 2012); Resp. Ex. 19, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 21. The mandate issued on September 6, 2012. <u>See</u> Resp. Ex. 19.

Lee filed pro se motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motions) on November 30, 2012, <u>see</u> Resp. Ex. 22, March 1, 2013, <u>see</u> Resp. Ex. 23, and August 1, 2013, <u>see</u> Resp. Ex. 24. In his Rule 3.850 motions, he asserted that counsel (Scott D. Leemis) was ineffective because he failed to: interview and depose Gussie Lee, a key exculpatory witness (ground one); retrieve and investigate the victim's phone records (ground three), and cell phone messages that the victim left on Lee's cell phone (ground two); file a motion to dismiss and motion to conduct an adversary preliminary hearing (ground four); and conduct a reasonable pretrial investigation (ground five). He also stated that the court promised to sentence him to no more than ten years of imprisonment for both cases (the instant case, 2010-CF-3684, and his other case, 2010-CF-739).[1] On

---

[1] In a separate action, Lee sought federal habeas relief from the judgment of conviction and sentence in that case. <u>See</u> Case No. 3:15-cv-112-J-34JBT. On November 21, 2017, the Court denied the Petition, and dismissed the case with prejudice. <u>See</u> <u>id.</u>, Order (Doc. 14).

December 16, 2013, the court denied his Rule 3.850 motions. <u>See</u> Resp. Ex. 25. On appeal, Lee filed a pro se initial brief, <u>see</u> Resp. Ex. 27, and the State filed its notice that it did not intend to file an answer brief, <u>see</u> Resp. Ex. 28. On May 23, 2014, the appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> <u>Lee v. State</u>, 141 So.3d 185 (Fla. 1st DCA 2014); Resp. Ex. 29, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 30. The mandate issued on July 23, 2014. <u>See</u> Resp. Ex. 29.

During the pendency of the post-conviction proceedings, Lee filed a pro se petition for writ of habeas corpus on May 10, 2013. <u>See</u> Resp. Ex. 31. In the petition, Lee asserted that the State failed to establish probable cause for his arrest and committed manifest error because the State failed to file an information within twenty-one days of his arrest; he stated that the trial court erred when it failed to release him on his own recognizance. Additionally, he asserted that his plea was not voluntary. The circuit court denied the petition on January 16, 2014. <u>See</u> Resp. Ex. 32. On appeal, Lee filed a pro se initial brief, <u>see</u> Resp. Ex. 34, and the State filed its notice that it did not intend to file an answer brief, <u>see</u> Resp. Ex. 35. On May 1, 2014, the appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> <u>Lee v. State</u>, 139 So.3d 304 (Fla. 1st DCA 2014); Resp. Ex. 36, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex.

37. The mandate issued on June 25, 2014. <u>See</u> Resp. Ex. 36. On August 13, 2014, Lee filed a pro se notice to invoke discretionary jurisdiction. <u>See</u> Resp. Ex. 38. The Florida Supreme Court dismissed the petition for lack of jurisdiction on August 26, 2014. <u>See</u> Resp. Ex. 39.

## III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. <u>See</u> 28 U.S.C. § 2244(d).

## IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. <u>See</u> <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007); <u>Jones v. Sec'y, Fla. Dep't of Corr.</u>, 834 F.3d 1299, 1318-19 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Schriro</u>, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Lee's] claim[s] without

further factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" <u>Id.</u> (quoting <u>Hill v. Humphrey</u>, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. <u>See</u> <u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), <u>cert</u>. <u>granted</u>, 137 S.Ct. 1203 (2017); <u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th Cir. 2016). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011) (citation omitted); see also Johnson v. Williams, 568 U.S. 289, 301 (2013).[2] Thus, the state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Richter, 562 U.S. at 100.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case

---

[2] The presumption is rebuttable and "may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Richter, 562 U.S. at 99-100; see also Johnson, 133 S.Ct. at 1096-97. However, "the Richter presumption is a strong one that may be rebutted only in unusual circumstances . . . ." Johnson, 568 U.S. at 302.

differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[3] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S.Ct. 2298 (2017); see also Daniel v. Comm'r, Ala. Dep't of Corr., 822 F.3d 1248, 1259 (11th Cir. 2016). Also,

---

[3] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S.Ct. 1103 (2017).

deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made"); Landers v. Warden, Att'y Gen. of Ala., 776 F.3d 1288, 1295 (11th Cir. 2015) (regarding § 2254(d)(2)).

Where the state court's adjudication on the merits is "'unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the state court to deny relief.'" Wilson, 834 F.3d at 1235 (quoting Richter, 562 U.S. at 98). Thus, "a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; see also Wilson, 834 F.3d at 1235. To determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state trial court's previous opinion as one example of a reasonable application of law or determination of fact. Wilson, 834 F.3d at 1239; see Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir.

2017), <u>petition</u> <u>for</u> <u>cert</u>. <u>filed</u>, No. 17-512 (Sept. 29, 2017).[4]
However, in <u>Wilson</u>, the en banc Eleventh Circuit stated that the
federal habeas court is not limited to assessing the reasoning of
the lower court. 834 F.3d at 1239. As such,

> even when the opinion of a lower state court
> contains flawed reasoning, [AEDPA] requires
> that [the federal court] give the last state
> court to adjudicate the prisoner's claim on
> the merits "the benefit of the doubt,"
> <u>Renico</u>,[5] 559 U.S. at 773, 130 S.Ct. 1855
> (quoting <u>Visciotti</u>,[6] 537 U.S. at 24, 123
> S.Ct. 357), and presume that it "follow[ed]
> the law," <u>Donald</u>,[7] 135 S.Ct. at 1376 (quoting
> <u>Visciotti</u>, 537 U.S. at 24, 123 S.Ct. 357).

<u>Id.</u> at 1238.

Thus, "AEDPA erects a formidable barrier to federal habeas
relief for prisoners whose claims have been adjudicated in state
court." <u>Burt v. Titlow</u>, 134 S.Ct. 10, 16 (2013). "Federal courts
may grant habeas relief only when a state court blundered in a
manner so 'well understood and comprehended in existing law' and
'was so lacking in justification' that 'there is no possibility
fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338

---

[4] Although the United States Supreme Court has granted
Wilson's petition for certiorari, the "en banc decision in <u>Wilson</u>
remains the law of the [Eleventh Circuit] unless and until the
Supreme Court overrules it." <u>Butts</u>, 850 F.3d at 1205 n.2.

[5] <u>Renico v. Lett</u>, 559 U.S. 766 (2010).

[6] <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002).

[7] <u>Woods v. Donald</u>, 135 U.S. 1372 (2015).

(quoting Richter, 562 U.S. at 102-03). "This standard is 'meant to be' a difficult one to meet." Rimmer v. Sec'y, Fla. Dep't of Corr., 876 F.3d 1039. 1053 (11th Cir. 2017) (quoting Richter, 562 U.S. at 102). Thus, to the extent that Lee's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## B. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

11

different.[8] A reasonable probability is a
probability sufficient to undermine confidence
in the outcome." <u>Id.</u>, at 694, 104 S.Ct. 2052.
It is not enough "to show that the errors had
some conceivable effect on the outcome of the
proceeding." <u>Id.</u>, at 693, 104 S.Ct. 2052.
Counsel's errors must be "so serious as to
deprive the defendant of a fair trial, a trial
whose result is reliable." <u>Id.</u>, at 687, 104
S.Ct. 2052.

<u>Richter</u>, 562 U.S. at 104. The Eleventh Circuit has recognized "the

absence of any iron-clad rule requiring a court to tackle one prong

of the <u>Strickland</u> test before the other." <u>Ward v. Hall</u>, 592 F.3d

1144, 1163 (11th Cir. 2010). Since both prongs of the two-part

<u>Strickland</u> test must be satisfied to show a Sixth Amendment

violation, "a court need not address the performance prong if the

petitioner cannot meet the prejudice prong, and vice-versa." <u>Id.</u>

(citing <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)).

As stated in <u>Strickland</u>: "If it is easier to dispose of an

ineffectiveness claim on the ground of lack of sufficient

prejudice, which we expect will often be so, that course should be

followed." <u>Strickland</u>, 466 U.S. at 697.

---

[8] In the context of an ineffective assistance challenge to the
voluntariness of a guilty or no contest plea, a petitioner must
show there is a "reasonable probability that, but for counsel's
errors, he would not have pleaded guilty and would have insisted on
going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>see</u>
<u>Lynch v. Sec'y, Fla. Dep't of Corr.</u>, 776 F.3d 1209, 1218 (11th Cir.
2015) (citation omitted) (stating that, to succeed on a claim that
counsel was ineffective because he advised petitioner to plead
guilty, petitioner "must prove that: (1) counsel's advice was
deficient; and (2) 'but for counsel's errors, he would not have
pleaded guilty and would have insisted on going to trial'"), <u>cert</u>.
<u>denied</u>, 136 S.Ct. 798 (2016).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id.</u> (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1248 (11th Cir. 2014), <u>cert</u>. <u>denied</u>, 135 S.Ct. 2126 (2015); <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

# VI. Findings of Fact and Conclusions of Law

## A. Ground One

As ground one, Lee asserts that he involuntarily and unintelligently entered a guilty plea.[9] See Petition at 5. He states:

> On April 27, 2011, Petitioner pleaded guilty to all counts. At the time of entering his pleas, Petitioner had not been permitted to review discovery materials, had not had time to fully consult with counsel, and was relying on defense counsel's representations in deciding to enter his pleas. As such, Petitioner entered his pleas without knowing the actual charges to which he was pleading, the significance of his plea, or the available alternatives. If Petitioner would have been properly advised by defense counsel as to available defenses, that he was pleading to all counts, or that he would receive such a harsh habitual offender sanction, he would not have entered pleas but instead insisted on proceeding to trial.

Id. Lee raised this claim in his pro se and counseled motions to withdraw the plea, see Resp. Exs. 6; 7, and the trial court held an evidentiary hearing on the issue, see EH Tr., at which Lee and Leemis (Lee's counsel at the time of the plea) testified. The trial court denied the motions and stated, in pertinent part:

> This cause came on to be heard on August 3, 2011 on Defendant's Pro-Se Motion to Withdraw Plea of Guilty filed on June 6, 2011 by Defendant and his conflict-free counsel's Motion to Withdraw Plea of Guilty filed on

---

[9] Lee's claim is not an ineffective-assistance-of-counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). See Petition at 5-7; Response at 22 n.8.

June 27, 2011. Prior to the hearing, the Court reviewed both Motions and found many of Defendant's assertions were refuted by the record (Defendant's Plea of Guilty form and the transcript of Defendant's Plea Colloquy from April 27, 2011).[10] The Court found the hearing would be limited to those issues not clearly and conclusively refuted by the record: that Defendant had not received discovery; that Defendant was misled and misinformed as to the facts surrounding his case; and, that Defendant was unable to adequately review the documents in his case.[11]

The Court having reviewed both motions, having heard the testimony of Scott Leemis,[12] Esquire who represented Defendant at the time of his plea, and for fifteen (15) months prior to his plea and the testimony of the Defendant,[13] having observed the demeanor of the witnesses and evaluated their credibility and relied upon those observations and evaluations in determining the facts of this case, having reviewed the Plea of Guilty form and the Plea Colloquy, having heard the arguments of counsel,[14] having reviewed the relevant rules, statutes and case law, and being fully advised in the premises finds:

Defendant's plea was knowingly and voluntarily made with a full understanding of the consequences of his plea, Defendant had adequate time to consult with counsel, Defendant was aware of the charges to which he was pleading guilty, Defendant was not misled or misinformed as to the charges and facts surrounding his case and Defendant was not

---

[10] See EH Tr. at 11-26.

[11] See EH Tr. at 21-23, 25.

[12] See EH Tr. at 27-37.

[13] See EH Tr. at 38-62.

[14] See EH Tr. at 63-70.

> manipulated into pleading to all charges.
> Further, there was no good cause shown by
> Defendant.

Resp. Ex. 11 at 1-2. On appeal, Lee argued that the trial judge abused her discretion when she denied his motion to withdraw his plea, see Resp. Ex. 17; the State filed an answer brief, see Resp. Ex. 18; and the appellate court affirmed Lee's conviction and sentence per curiam, see Lee, 103 So.3d 149; Resp. Ex. 19.

In its appellate brief, the State addressed the claim on the merits, see Resp. Ex. 18 at 10-16, and therefore, the appellate court may have affirmed Lee's conviction based on the State's argument. If the appellate court addressed the merits, the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Lee is not entitled to relief on the basis of this claim.

Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Lee's claim, nevertheless, is without merit. In the instant case, Lee signed the Plea of Guilty form, see Resp. Ex. 5, and acknowledged

at the April 27, 2011 plea hearing that counsel had reviewed the form with him and answered his questions, <u>see</u> Plea Tr. at 9. The following colloquy ensued.

> THE COURT: Do you wish to enter a plea of guilty in Case No. 2010-3684 to count 1, armed burglary with assault or battery, count 2, possession of [a] firearm by a convicted felon, and count 3, aggravated assault with a deadly weapon; is that correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Is that what you wish to do, to enter pleas of guilty?[15]
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: . . . .
>
> In Case No. 2010-3684, the state has agreed to withdraw ....
>
> [PROSECUTOR]: Actually, I don't think we ever even filed the PRR [(prison releasee reoffender)] notice.
>
> THE COURT: Okay, would not file, sorry, the prison releasee reoffender notice, which would subject you to mandatory time. However, on count 1, an armed burglary with assault or battery, that is a first-degree felony punishable by life in prison -- [16]
>
> [PROSECUTOR]: That's correct, Your Honor.
>
> THE COURT: -- and as an habitual offender, of course, you would face life in prison.

---

[15] As previously noted, Lee entered a plea of guilty in case number 2010-CF-739 to a burglary charge.

[16] <u>See</u> Resp. Ex. 15.

Count 2, possession of a firearm by convicted felon is a second-degree felony. You would face the maximum penalty of 30 years in prison.[17] And is there a minimum mandatory?

[PROSECUTOR]: There is, Your Honor, three years.

THE COURT: And there is a three-year minimum mandatory on that charge.

And on count 3, aggravated assault with a deadly weapon, that is a third-degree felony.[18] You would face the maximum penalty of ten years in prison with a three-year minimum mandatory. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand there is no agreement other than the fact that the state has agreed not to file the prison releasee reoffender notice, there is no other agreement as to what your sentence will be? I will order a presentence investigation report and pass your case approximately 30 days to get that report. And at sentencing both you and your attorney as well as the state can present whatever evidence and witnesses you wish the Court to consider to formulate an appropriate sentence. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: And no one has promised you a specific sentence; is that correct?

THE DEFENDANT: No, ma'am.

.  .  .  .

THE COURT: Has anyone threatened you, coerced you, or made you any promises?

---

[17] <u>See</u> Resp. Ex. 15.

[18] <u>See</u> Resp. Ex. 15.

18

THE DEFENDANT: No, ma'am.

. . . .

THE COURT: By entering a plea of guilty in each case, you are acknowledging that you are in fact guilty of all four charges; is that correct?

THE DEFENDANT: Yes, ma'am.

. . . .

THE COURT: And did Mr. Leemis go over the plea forms with you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did he answer all of the questions that you had?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any other questions that you need to ask your attorney or the Court?

THE DEFENDANT: Not at this time.

. . . .

THE COURT: Okay. But are you fully satisfied with your attorney's representation?

THE DEFENDANT: Yes, ma'am.

THE COURT: Can you recite a brief factual basis for each case.

[PROSECUTOR]: Yes, Your Honor. As to Case No. 16-2010-CF-3684, the state is prepared to prove that this defendant on April 5th, 2010, forced his way into a home owned by Cassandra Mae Bennett, came into the home with a firearm, pointed the firearm at another individual who was inside the home. They then fled from the home, and this defendant fled from the home as well. It is contrary to

> Section 810.02(1)(b)2c as to count 1; as to
> count 2, 790.23(1)(a) and 775.087(2)(a)(1); as
> to count 3, which is then pointed a firearm at
> the individual inside the home with the
> aggravated assault, contrary to Sections
> 784.021(1)(a) and 775.087(2)(a)1.
>
> THE COURT: Any legal exceptions or
> objections for purposes of the plea?
>
> [DEFENSE COUNSEL]: No. We are stipulating
> for the purposes of the plea.
>
> . . . .
>
> THE COURT: I do find there is a factual
> basis for the entry of your pleas and that
> they are freely and voluntarily entered with a
> full understanding of the nature and
> consequences of your pleas. I will accept your
> pleas.

Id. at 4-11.

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences" surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970) (footnote omitted).

The United States Supreme Court has determined that "the representations of the defendant ... [at a plea proceeding] as well

20

as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The Court stated:

> Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.

Lee v. United States, 137 S.Ct 1958, 1967 (2017). Moreover, "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991).

Lee acknowledged that he understood the charges against him and the constitutional rights he was forfeiting. He affirmed that he was guilty of the crimes, and was not pleading guilty because of any coercion, threats, or promises. After observing Lee and assessing his credibility at the plea hearing, the trial court accepted his guilty plea as voluntarily and intelligently made, and not the result of any force, threat, coercion, or promise. The record supports the trial court's decision. Thus, Lee is not entitled to federal habeas relief on ground one.

## B. Ground Two

As ground two, Lee asserts that he "is entitled to specific performance" of the plea agreement. Petition at 7. He states:

> It was Petitioner's understanding, based on representations by defense counsel, that an informal agreement had been reached that Petitioner would receive a sentence of 10 years' imprisonment as a habitual offender, which was consistent with the judge's telling Petitioner he faced a maximum penalty of 10 years. Petitioner would not have pled guilty, and [would have] insisted on proceeding to trial, if he knew he was facing more than 10 years' imprisonment.

Id. at 8. Assuming Lee intends to raise the same claim here that he raised in his Rule 3.850 motion in state court, see Resp. Ex. 22, his claim is sufficiently exhausted.[19] The post-conviction court ultimately denied the Rule 3.850 motion with respect to the claim, stating in pertinent part:

> Defendant's December 3, 2012 Motion for Postconviction Relief raises one ground for relief claiming that, during the plea hearing, the Court promised to sentence Defendant to no more than ten (10) years imprisonment for both cases; specifically, 16-2010-CF-03684-AXXX-MA and 16-2010-CF-00739-AXXX-MA. Defendant seeks to compel performance of the terms of the original plea bargain.
>
> Defendant's argument is without merit. A review of the plea colloquy, sentencing hearing transcript, and plea forms conclusively refute Defendant's assertions. (Exhibits "A," "B," "I," "J.") The plea hearing transcript demonstrates that Defendant's plea was for a non-negotiated

---

[19] See Response at 35-36.

sentence. (Exhibit "I.") In return, the State agreed to not seek the Prison Releasee Reoffender enhancement for case 16-2010-CF-03684-AXXX-MA which would result in a mandatory life sentence. (Exhibit "I.") When asked separately about each case as to whether he wanted to plead, Defendant indicated that he wished to plead guilty. (Exhibit "I.") The Court explained the maximum penalties for each case, indicating that as to case 16-2010-CF-00739-AXXX-MA the maximum penalty was ten years in prison, and that as to case 16-2010-CF-003684-AXXX-MA the maximum penalty was life in prison. (Exhibit "I.")

MR. SMITH (Assistant State Attorney): Your Honor, before we get started, if I can just inform the Court, this is a non-negotiated sentence. However the state has agreed that it would not seek the --- on Case No. 16-2010-CF-3684 he would be eligible as a prison release[e] reoffender, which would actually carry a mandatory life sentence on that case. The state has opted to not seek that enhancement in the case.

THE COURT: Okay. Mr. Lee, your attorney has indicated that you wish to enter a plea of guilty today in Case No. 2010-739 to the charge of burglary to a structure or conveyance; is that correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you wish to enter a plea of guilty in Case No. 2010-3684 to count 1, armed burglary with assault or battery, count 2, possession of a firearm by a convicted felon, and count 3, aggravated assault with a deadly weapon; is that correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is that what you wish to do, to enter pleas of guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: On the burglary to a structure or conveyance in Case No. 2010-739, as an habitual offender, the maximum penalty you would be looking at would be ten years in prison. That is a third-degree felony.

In Case No. 2010-3684, the state has agreed to withdraw. . .

MR. SMITH: Actually, I don't think we filed the PRR [(prison releasee reoffender)] notice.

THE COURT: Okay, would not file, sorry the prison release[e] reoffender notice which would subject you to mandatory time. However, on count 1, an armed burglary with assault or battery, that is a first-degree felony punishable by life in prison-

MR. SMITH: That's correct, Your Honor.

THE COURT: --- and as an habitual offender, of course, you would face life in prison.

Count 2, possession of a firearm by a convicted felon is a second-degree felony. You would face the maximum penalty of 30 years in prison. And is there a minimum mandatory?

MR. SMITH: There is, Your Honor, three years.

THE COURT: And there is a three-year minimum mandatory on that charge.

And on Count 3, aggravated assault with a deadly weapon, that is a third-degree felony. You would have the maximum penalty of ten years in prison with a three-year minimum mandatory. Do you understand that?

THE DEFENDANT: Yes, ma'am.

(Exhibit "I" at 4-6.) Furthermore, Defendant testified during his plea hearing that no one had promised him a specific sentence in exchange for his pleas of guilty. (Exhibit "I" at 7.)

Contrary to Defendant's assertions, the Court never promised Defendant that his sentence would be no more than ten (10) years for both cases. The Court clearly identified each case for purposes of a plea and then laid out the maximum sentence applicable to each Count for each case. A postconviction claim may be denied without an evidentiary hearing if the record conclusively refutes the claim. State v. Lemoux, 689 So.2d 235 (Fla. 1996). The Court finds that the record conclusively rebuts Defendant's claim.

A defendant may not seek to go behind his sworn testimony at a plea hearing in a post conviction motion. Stano v. State, 520 So.2d 278, 280 (Fla. 1988); Bir v. State, 493 So.2d 55, 56 (Fla. 1st DCA 1986); Dean v. State, 580 So.2d 808, 810 (Fla. 3d DCA 1991); see also Iacono v. State, 930 So.2d 829, 831 (Fla. 4th DCA 2006) ("A defendant is not entitled to rely on an attorney's advice to commit perjury above the solemn oath that the defendant makes to the court to tell the truth.") Defendant acknowledged in open court that he understood the maximum penalty he faced as to each Count and that no one had promised him a specific sentence; he may not go behind this sworn

> testimony he gave to the trial court. This
> claim is, therefore, denied.

Resp. Ex. 25 at 3-6. The appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see Lee</u>, 141 So.3d 185; Resp. Ex. 29, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 30.

To the extent that the state appellate court affirmed the trial court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Lee is not entitled to relief on the basis of the claim.

Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Lee's claim is still without merit. At the plea hearing, Lee acknowledged that he understood the maximum penalty he faced as to each charge and that no one had promised him a specific sentence. <u>See</u> Plea Tr. at 5-7. Thus, Lee is not entitled to federal habeas relief on ground two.

## C. Grounds Three and Seven

Lee asserts that counsel was ineffective because he failed to: interview and depose a key exculpatory witness (Gussie Lee, his sister) who would have exonerated him (ground three), and conduct a reasonable pretrial investigation (ground seven). <u>See</u> Petition at 9-11, 18-19. He raised these claims in his Rule 3.850 motion. <u>See</u> Resp. Ex. 23. The post-conviction court ultimately denied the Rule 3.850 motion with respect to these claims, stating in pertinent part:

> Grounds One and Five of Defendant's March 7, 2013 Motion each challenge the adequacy of the investigation conducted by counsel prior to Defendant's plea. In these Grounds, Defendant asserts that counsel (1) failed to interview and depose a key exculpatory witness; and (2) failed to conduct reasonable pre-trial investigation. However, each of these claims is refuted by the record.

> At the plea hearing, Defendant testified that he wished to enter a plea of guilty in case 2010-CF-00739 to the charge of Burglary (Structure/Conveyance) and in case 2010-CF-03684 to the charges of Armed Burglary with Assault or Battery, Possession of a Firearm By a Convicted Felon, and Aggravated Assault with a Deadly Weapon. (Ex. "I" at 4-5.) Defendant testified that he understood he was waiving his right to trial by jury, right to have his attorney assist him during trial, right to compel witnesses to testify on his behalf, right to confront and cross-examine witnesses who are presented against him, right to remain silent, right to require the State to prove him guilty, and the right to appeal by pleading guilty. (Exhibit "I" at 7-8). Defendant further testified that he was able to read and write and that he was not under the influence of alcohol or drugs.

(Exhibit "I" at 8-9.) Most importantly,
Defendant stated that he was "fully satisfied"
with his attorney's representation of him.
(Exhibit "I" at 9-10.)

The plea agreement signed by Defendant
confirms that Defendant's attorney explained
all portions of the plea agreement and that
all possible defenses were discussed.
(Exhibits "A," "B.") The plea agreements
confirm that Defendant had the opportunity to
have all his questions answered completely,
that counsel took all actions requested by
Defendant and that Defendant concurred with
the decisions of counsel in that regard.
(Exhibits "A," "B.") By signing the plea
agreements, Defendant acknowledged that
Defendant was "completely satisfied" with the
services rendered by his attorney. (Exhibits
"A," "B.") This is consistent with Defendant's
testimony during the plea colloquy wherein
Defendant agreed that he was "fully satisfied"
with counsel's representation. (Exhibit "I" at
9-10.) Where a defendant states, under oath,
that he is satisfied with counsel's services,
he may not later attack counsel's alleged
failure to investigate. Smith v. State, 41
So.2d 1037, 1040 (Fla. 1st DCA 2010); Henry v.
State, 679 So.2d 885, 886 (Fla. 5th DCA 1996).

The testimony of Defendant's counsel, Mr.
Leemis, at the hearing conducted on
Defendant's Motion to Withdraw Guilty Plea on
August 3, 2011, makes clear that the
information contained in the plea agreement
was explained to Defendant "in detail" and
included a "discussion regarding of all
elements" of the charges against Defendant.
(Exhibit "K" at 35-36.) Defendant's counsel,
Mr. Leemis, testified as follows:

        Q And you [Mr. Leemis] just
    mentioned that you actually, the day
    before Mr. Lee entered his plea,
    that you actually went over to the
    jail and discussed his plea with him
    at that time, is that right?

A Yes.

Q Did you actually review the quote, unquote, blue form, the plea form with him at that time?

A. Yes. And customarily what I do is go over with the blue forms in hand - well, the blue form and in some cases a waiver of presentence investigation or whatever, but all of the documents, and **go over it with the client a little bit slower and in detail ... But take the time and actually have a private discussion regarding all of the elements.**

(Exhibit "K" at 35-36) (emphasis added).

The record also reflects that that [sic] defense counsel twice moved for a continuance throughout his representation of Defendant. Defense counsel explained that these continuances were necessary in order to conduct reasonable pre-trial investigation:

Q ... do you recall asking for continuances at final pretrials on two separate occasions -

A Yes.

Q -- in order to be given additional opportunity to prepare for this case, and to documents related to this case?

A Correct. And I did not want to be forced into trying his case when I wasn't ready, or to force a decision upon him, so.

(Exhibit "K" at 37.) Additionally, defense counsel took witness depositions and reported the results of these depositions to Defendant. (Exhibit "K" at 31.)

> The record shows that Defendant
> knowingly, intelligently and voluntarily
> entered his plea, that defense counsel took
> all actions requested by Defendant, and that
> Defendant was fully satisfied with the conduct
> of counsel. Defendant may not go behind his
> sworn testimony to the trial judge that he was
> satisfied with counsel and now claim that
> counsel was ineffective for failing to
> interview and depose a witness or conduct an
> investigation. For these reasons, the Court
> finds that Grounds One and Five are denied as
> they are conclusively refuted by the record.

Resp. Ex. 25 at 7-9 (emphasis in original). The appellate court affirmed the court's denial of post-conviction relief per curiam, see Resp. Ex. 29, and later denied Lee's motion for rehearing, see Resp. Ex. 30.

If the appellate court addressed the merits, the state court's adjudication of these claims is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of these claims was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Lee is not entitled to relief on the basis of these claims.

Moreover, even if the state appellate court's adjudication of these claims is not entitled to deference, Lee's claims, nevertheless, are without merit. On this record, Lee has failed to

carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Assuming arguendo deficient performance by defense counsel, Lee has not shown any resulting prejudice. He has not shown a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59. At the plea hearing, Lee acknowledged that he pled guilty because he was in fact guilty of the charges. Additionally, the State's evidence against him was substantial, and the court found that there was a factual basis for the plea. Accordingly, Lee is not entitled to federal habeas relief on the ineffectiveness claims in grounds three and seven.

### D. Grounds Four and Five

Lee asserts that counsel was ineffective because he failed to retrieve and investigate the victim's cell phone messages (ground four) and phone records (ground five). <u>See</u> Petition at 13-17. He raised these claims in his Rule 3.850 motion. <u>See</u> Resp. Ex. 23. The post-conviction court ultimately denied the Rule 3.850 motion with respect to these claims, stating in pertinent part:

> Grounds Two and Three of Defendant's March 7, 2013 Motion also challenge the adequacy of the investigation conducted by counsel prior to Defendant's plea, but focus specifically on cell phone messages and calls. In these Grounds, Defendant asserts that counsel failed to (1) retrieve and investigate the cell phone messages that were left by the victim on Defendant's cell phone; and (2) to retrieve or investigate the victim's phone

31

records for the morning of the offense. Defendant maintains that the cell phone messages and call records would show that he and the victim were in communication on the day of the offense and that [the] victim was motivated by jealousy in her accusations against Defendant. However, each of these claims is also refuted by the record.

The record evidence previously described by the Court with reference to Grounds One and Five is similarly applicable to Grounds Two and Three. The plea colloquy, the plea form signed by Defendant, and the testimony of defense counsel establishes that Defendant was "fully" and "completely" satisfied with his counsel and that defense counsel took all actions requested by Defendant. (Exhibits "I," "A," "B", "K")

In addition to the evidence previously addressed, the Court has already heard testimony regarding defense counsel's decision to not conduct further investigation into the cell phone messages and calls. This testimony was elicited from defense counsel on August 3, 2011 at the hearing on Defendant's Motion to Withdraw Guilty Plea. Defense counsel testified that he made a strategic decision to not explore these messages further as they would not have probative value. Defense counsel rejected Defendant's theory that the cell phone calls and messages would be exculpatory in that they would reveal a victim who was motivated by jealousy:

> Q Finally, was there evidence that Mr. Lee requested be turned over to the State, specifically I'm talking about a cell phone?
>
> A He had allegations regarding a cell phone and messages, which I was not able to retrieve off of the cell phone.
>
> . . . .

Q Okay. What steps did you take, if any, to retrieve those messages?

A I did not --- after talking with Mr. Lee about what the content of those would be, my explanation to him was that they were not going to refute the actual allegations regarding the domestic battery, the aggravated assault, there was never any allegation that he did not know this individual, that he was not acquainted with her, in a relationship. That was part of the allegation, that this was a domestic partner so to speak. So, **I did not follow up on that, because I did not think it was relevant to the defense.**

. . . .

A He told me there was a phone that might have some information that he thought would be exculpatory, **and I did not think it would be exculpatory.**

(Exhibit "K" at 31-32)(emphasis added). The Court finds that defense counsel made a reasonable strategic decision to not investigate the cell phone messages and call(s) on Defendant's cell phone. Mere disagreement as to strategy is not a basis for a claim of ineffective assistance of counsel. <u>Ford v. State</u>, 755 So.2d 550 (Fla. 2007); <u>Marquard v. State</u>, 850 So.2d 417, 426 (Fla. 2002).

The record shows that Defendant knowingly, intelligently and voluntarily entered his plea, that defense counsel took all actions requested by Defendant, and that Defendant was fully satisfied with the conduct of counsel. Moreover, testimony showed that there was a reasonable strategic decision by counsel for not further investigating Defendant's cell phone call(s) and messages.

> The two-prong test in <u>Strickland</u> has not been met, and Grounds Two and Three are therefore denied.

Resp. Ex. 25 at 10-12. The appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> Resp. Ex. 29, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 30.

If the appellate court addressed the merits, the state court's adjudication of these claims is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of these claims was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Lee is not entitled to relief on the basis of these claims.

Moreover, even if the state appellate court's adjudication of these claims is not entitled to deference, Lee's claims are still without merit. On this record, Lee has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Assuming arguendo deficient performance by defense counsel, Lee has not shown any resulting prejudice. Accordingly, Lee is not entitled to federal habeas relief on the ineffectiveness claims in grounds four and five.

## E. Ground Six

As ground six, Lee asserts that counsel was ineffective because he failed to file a motion pursuant to Florida Rule of Criminal Procedure 3.133. See Petition at 17-18. He raised the ineffectiveness claim in his Rule 3.850 motion in state court. See Resp. Ex. 23 at 27-28. The post-conviction court ultimately denied the Rule 3.850 motion with respect to the claim, stating in pertinent part:

> Grounds Four and Six of Defendant's March 7, 2013 Motion assert that in case numbers 2010-CF-00739 and 2010-CF-03684, respectively, counsel was ineffective for failing to file a motion to conduct an adversary preliminary hearing pursuant to Florida Rule of Criminal Procedure 3.133(b)(1)[20] and/or a motion to dismiss pursuant to Section 907.045, Florida Statutes. Defendant maintains that counsel's failure to make such motions in his cases constitutes ineffective assistance of counsel because the State did not file an information or indictment against Defendant for more than twenty-one (21) days following his arrest. However, this Court finds that since Defendant cannot establish that counsel's performance prejudiced his defense, this claim is without merit. See Strickland, 466 U.S. at 687.

---

[20] Florida Rule of Criminal Procedure 3.133(b)(1) provides:

> A defendant who is not charged in an information or indictment within 21 days from the date of arrest or service of the capias on him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.

A motion for an adversary preliminary hearing is governed by Florida Rule of Criminal Procedure 3.133(b). Under that Rule, a defendant who is not charged by an information or indictment within 21 days from the date of arrest shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant. If the adversary preliminary hearing finds that probable cause exists to believe that an offense has been committed, section (b)(5) provides that the defendant is to be held to answer in the circuit court. In the event that probable cause is not established at the hearing, the defendant is "released on recognizance" subject to the condition that the defendant appear at all proceedings. Fla. R. Crim. Proc. 3.133(b)(5). Such release does not void further prosecution by information or indictment. Id.

Thus, in the instant case, even if defense counsel had moved for an adversary preliminary hearing and a finding of no probable cause was made, Defendant would not have been entitled to a dismissal of the charges. Instead, Defendant would simply have been released on his own recognizance until such time that he was held to answer for the charges in court. See White v. State, 62 So.3d 1156, 1157 (Fla. 3d DCA 2011); Fla. R. Crim. P. 3.133(b)(5); State v. Brooks, 388 So.2d 1291 (Fla. 3d DCA 1980). Defendant did not establish that the result of his proceedings would have been different if a finding of no probable cause was even made. Therefore, Defendant has failed to show the necessary prejudice to prevail on this claim. Strickland, 466 U.S. at 687.

Defendant's claim of ineffective counsel based on counsel's failure to file a motion to dismiss pursuant to Section 907.045, Florida Statutes, is without merit because Defendant similarly fails to show the necessary prejudice. Pursuant to section 907.045, Florida Statutes, a defendant who is in custody may move to dismiss the indictment,

36

information or affidavit and a defendant who
has been confined for thirty (30) days after
his or her arrest without a trial shall be
allowed a preliminary hearing upon
application. § 907.045, Fla. Stat. However,
the "procedure of hearing a case preliminarily
is not a step in due process of law, is not a
prerequisite to a criminal prosecution for the
filing of an indictment. It serves only to
determine whether or not probable cause exists
to hold a person for trial ... and a
prosecution may be instituted and maintained
regardless of such an investigation." <u>Evans v.
State</u>, 197 So.2d 323 (Fla. 3d DCA 1967)
(citing <u>Bauqus v. State</u>, 141 So.2d 264, 267
(Fla. 1962)). In this case, Defendant has
failed to show that the outcome of his
proceedings would have been different and,
therefore, the necessary prejudice in order to
prevail on this claim. <u>Strickland</u>, 466 U.S. at
687.

Resp. Ex. 25 at 12-13. The appellate court affirmed the court's
denial of post-conviction relief per curiam, and later denied Lee's
motion for rehearing.

To the extent that the state appellate court affirmed the
trial court's denial on the merits, the Court will address the
claim in accordance with the deferential standard for federal court
review of state court adjudications. After a review of the record
and the applicable law, the Court concludes that the state court's
adjudication of the claim was not contrary to clearly established
federal law, did not involve an unreasonable application of clearly
established federal law, and was not based on an unreasonable
determination of the facts in light of the evidence presented in

the state court proceedings. Thus, Lee is not entitled to relief on the basis of the claim.

Moreover, even if the state appellate court's adjudication of the claim is not entitled to deference, Lee's claim, nevertheless, is without merit. Assuming arguendo deficient performance by defense counsel, Lee has not shown any resulting prejudice. Accordingly, Lee is not entitled to federal habeas relief on the ineffectiveness claim in ground six.

## F. Ground Eight

As ground eight, Lee asserts that the trial court lacked subject matter jurisdiction because the State failed to file an information within twenty-one days of his arrest. <u>See</u> Petition at 19-20. He raised the claim in his petition for writ of habeas corpus.[21] <u>See</u> Resp. Ex. 31. The post-conviction court ultimately denied the petition, stating in pertinent part:

> This matter came before the Court on Defendant's "Petition for Writ of Habeas Corpus" that this Court will construe as a Motion filed pursuant to Florida Rule of Criminal Procedure 3.850 on May 15, 2013.
>
> Defendant has filed three (3) separate Motions for Postconviction Relief on November 30, 2012, March 1, 2013, and August 1, 2013, which were all denied on its [sic] merits by an Order filed on December 16, 2013. (Ex. A). In the instant construed Motion for Postconviction Relief, Defendant argues that the State failed to establish probable cause

---

[21] Lee asserts that he raised the claim in his state petition. <u>See</u> Petition at 20.

for his arrest and committed manifest error, warranting immediate release from prison because the State failed to file an information or indictment within twenty-one (21) days from his arrest. Defendant also essentially asserts that his plea was not voluntary. As outlined in the procedural history detailed in the attached Order Denying Motions for Postconviction Relief, Defendant has already raised the claim that his plea was not voluntary in a Motion to Withdraw Plea of Guilty and subsequent 3.850 motions, and this Court denied this claim based on the record. (Ex. A). Defendant also raised the same claim in his prior 3.850 motions couched as an ineffective assistance of counsel [claim] for failure to file motions regarding the fact that the State did not file an information or indictment for more than twenty-one (21) days following his arrest. This Court denied that claim on its merits. (Ex. A, p. 12-13).

Resp. Ex. 32. The appellate court affirmed the court's denial of post-conviction relief per curiam, <u>see</u> Resp. Ex. 36, and later denied Lee's motion for rehearing, <u>see</u> Resp. Ex. 37.

If the appellate court addressed the merits, the state court's adjudication of the claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Lee is not entitled to relief on the basis of the claim.

Moreover, even if the state appellate court's adjudication of the claim is not entitled to deference, Lee's claim, nevertheless, is without merit. The purpose of a federal habeas proceeding is to review the lawfulness of Lee's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254.[22] The claim presents an issue purely of state law not cognizable on federal habeas review. Undoubtedly, the trial court had subject matter jurisdiction over Lee's case since the Information charged him with three felonies: burglary with assault or battery, possession of a firearm by a convicted felon, and aggravated assault. See Resp. Exs. 2; 15. Lee's conviction and sentence do not violate the Constitution or laws or treaties of the United States. Therefore, Lee is not entitled to federal habeas relief on ground eight.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Lee seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this

---

[22] Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.

substantial showing, Lee "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    If Lee appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of January, 2018.

**MARCIA MORALES HOWARD**
United States District Judge

sc 1/16
c:
Valentino Bernard Lee, FDOC #833559
Counsel of Record